IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| G-W MANAGEMENT SERVICES, LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BELL ARCHITECTS, PC )<br>)<br>Defendant. ) | Case No.:_____ |

## COMPLAINT

COMES NOW Plaintiff G-W Management Services, LLC ("GWMS"), by counsel, and in support of its complaint against Defendant Bell Architects, PC, ("Bell Architects") states as follows:

### JURISDICTION

1.  This action arises under 28 U.S.C. Sec. 1331, as the parties are citizens of different States.

2.  Venue is proper in this Court pursuant to 28 U.S.C. Sec. 1931 because a substantial part of the acts or omissions giving rise to the claims asserted in this action occurred in the District of Columbia.

### PARTIES

2.  Plaintiff GWMS is a Limited Liability Company, whose sole member is a citizen of the State of Florida and whose principal place of business is located in the State of Maryland. GWMS is a general contractor engaged in various construction projects in the D.C. area. GWMS is authorized to do business and is licensed as a contractor in the District of Columbia.

1

3.  Defendant Bell Architects is a District of Columbia Professional Corporation engaged in the business of providing architectural services, and whose principal place of business is located in the District of Columbia.

## GENERAL FACTUAL ALLEGATIONS

4.  On or about September 30, 2011, GWMS entered into the Prime Contract with the Navy to perform, as the general contractor, the Visiting Flag Officers Quarters Renovation, Washington Navy Yard, Washington, DC, Contract No. #N-40080-10-D-0498-0017 (the "Project").

5.  On or about October 28, 2011, GWMS entered into a subcontract (the "Subcontract") with Bell Architects where Bell Architects was to provide architectural services in connection with the Project. A true and correct copy of the Subcontract is attached hereto as **Exhibit A**.

## COUNT I

## BREACH OF CONTRACT

6.  The General Factual Allegations Set forth above are incorporated herein by reference as if set forth in full.

7.  GWMS entered into the Subcontract with Bell Architects where Bell Architects agreed to furnish architectural services for the Project.

8.  GWMS has performed all of its obligations under the Subcontract.

9.  Bell Architects breached the Subcontract by:

    a)  Failing to perform required site visits;

    b)  Failing to provide required as-built documentation;

    c)    Failing to comply with providing FPE inspections at the contractual rate of $700.

    d)    Failing to provide required meetings or conference calls;

    e)    Failing to provide door hardware consultant preparation of hardware specifications and schedule;

    f)    Failing to provide a Design Quality Control Manager and DQC reviews of deliverables;

    g)    Failing to provide a Sustainable and Energy Record Card;

    h)    Failing to provide all documentation required for LEED submissions;

    i)    Failing to assist with the preparation of the OMSI information;

    j)    Failing to provide a submittal register;

    k)    Failing to adhere to the Project Schedule and missing deadline dates for deliverables;

    l)    Failing to provide a required sprinkler design;

    m)    Failing to provide a required FP QC specialist;

    n)    Failing to attend a partnering session;

    o)    Failing to attend a facility turnover meeting; and

    p)    Failing to prepare a required Final rendering.

10.    Bell Architects further breached the contract by providing a defective design, which design defects include:

    a)    Missing fire rated ceiling in East laundry;

    b)    Fire extinguishers shown incorrectly;

    c)    Door 306 should have been raised instead of reusing the existing door;

d) Closers specified were not compatible with new construction;

e) Wardrobes blocking electrical devices;

f) Existing drains in sprinkler room were not adequate. GWMS had to route drains out of the building.

g) Attic doors and frames were shown with incorrect fire ratings. Specified at 45 minutes, but needed to be 90 minutes.

h) Missing smoke detectors in dining areas in P7&P9.

i) Missing audible devices in P8, P10, P2 and P3;

j) Numerous other Fire Life Safety Code Requirement violations and other code violations, design omissions and functuality issues.

11. Bell Architect's breaches of contract and poor performance further delayed the Project by approximately two months, which in turn forced GWMS to accelerate the Project by working overtime.

12. GWMS was damaged by Bell Architect's breaches of contract in an amount in excess of $500,000.00, plus reasonable attorney's fees and all of its costs.

WHEREFORE, G-W Management Services, LLC, respectfully requires judgment against the Defendant, Bell Architects, in an amount in excess of $500,000.00, the exact amount to be proven at trial, plus interest, costs and reasonable attorney's fees.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action of all issues so triable.

Dated: October 24, 2013

                        G-W Management Services, LLC
                        By Counsel

                        /s/ Herman M. Braude
                        Herman M. Braude
                        Bar No. 51,326
                        Braude Law Group, P.C.
                        1200 Potomac Street, NW
                        Washington, DC 20007
                        202-471-5400
                        herman@braudelawgroup.com
                        Attorney for GWMS